FILED

IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ALABAMA
Southern Division

00 MAR -7 AM 9:47

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **GLORIA SAVAGE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CV-98-P-2622-S | |
| | ) | |
| **BESSEMER CARRAWAY** | ) | |
| **MEDICAL CENTER,** | ) | |
| | ) | |
| Defendant. | ) | |

ENTERED
MAR 7 2000

## Opinion

Before the court is a Motion for Summary Judgment filed by Defendant Bessemer Carraway Medical Center on January 12, 2000. The motion was taken under submission following the March 3, 2000 motion docket. For the reasons expressed below, Defendant's motion is due to be granted as to all of Plaintiff's claims.

### I. Facts

Plaintiff Gloria Savage, a black female, was hired as a phlebotomist[1] at Bessemer Carraway Medical Center ("BCMC") on or about December 10, 1990. Prior to her hiring, Plaintiff worked the night shift as a phlebotomist for Roche Labs at BCMC pursuant to a contract services agreement. For this reason, Plaintiff was hired onto the night shift at BCMC, which she preferred working because it accommodated her children's school schedule. Plaintiff worked the night shift throughout her employment with BCMC and was supervised directly by Lillian King, a black female employed as the Night Shift Supervisor for the Laboratory. Due to the fact that the night shift was generally staffed with only one full time employee specifically assigned phlebotomy duties, Plaintiff complained to her supervisors on several occasions that she felt an additional phlebotomist was needed. However, in reviewing the work load for the night shift, both King and Laboratory Director Sherman Venz agreed that no additional phlebotomy staff person was necessary.[2]

BCMC's disciplinary policy is set out in its Employee Handbook of Personnel Policies, which Plaintiff received and acknowledged on or about October 24, 1991. The handbook generally provides that there are three categories under which misconduct by employees is classified. The

---

[1] Phlebotomists are responsible for the collection of blood specimens from patients.

[2] Plaintiff worked a seven on/seven off shift, whereby she would work a full seven-day period and then be off for a full seven days. During the week that Plaintiff was off, Cynthia Lee, also a black female, assumed the phlebotomy duties.

36

In the present case, it is undisputed that Plaintiff was replaced in her position by a black woman. Thus, in order to prove a prima facie case, Plaintiff would need to establish that she engaged in misconduct nearly identical to that of a similarly situated person outside her protected class and that she was discharged for that conduct while the person outside of the protected class was retained. Plaintiff conceded, however, that she is unable to identify any other individual who engaged in nearly identical conduct to her that was retained in a phlebotomist position. Plaintiff's admission is confirmed by the testimony of her direct supervisor and the Laboratory Director, both of whom were aware of no other phlebotomist who had engaged in such serious errors within the course of one week who was not discharged. Accordingly, BCMC is entitled to summary judgment on Plaintiff's discharge claim because Plaintiff cannot establish a prima facie case of discrimination.[6]

### III. Conclusion

For the above reasons, Defendant BCMC's Motion for Summary Judgment is due to be granted as to all of Plaintiff's claims.

Dated: March 6, 2000

Judge Sam C. Pointer, Jr.

Service List:
  Ms. Gloria Savage
  Mr. L. Traywick Duffie
  Mr. Daniel P. Learly
  Mr. R. David Proctor
  Mr. Bradley E. Heard

---

[6] Even if Plaintiff could establish a prima facie case, Defendant would still be entitled to summary judgment, as Plaintiff has offered no evidence that would suggest that BCMC's stated reasons for Plaintiff's termination were pretextual. Plaintiff has admitted that she has no reasons to believe that either of the individuals that observed and reported the errors that she allegedly made was acting with discriminatory animus toward her. Furthermore, Plaintiff has offered no evidence that suggests that her supervisors who made the decision to terminate her had any reason not to believe that she committed the errors.